**EMPIRE PAPER CO. v. CAREW MFG. CO.**

Court of Appeals of District of Columbia.
Submitted May 9, 1927.   Decided
May 26, 1927.

No. 1931.

Trade-marks and trade-names and unfair competition ⊜⟹44—Evidence held to establish ownership of trade-mark "Treasury Bond" for use on writing paper.

Evidence that manufacturer of paper had long used "Treasury Bond" as trade-mark, and that when its goods were sold by particular firm it watermarked the paper with such trade-mark and the initials of the selling firm, *held* to show paper company's ownership of trade-mark, precluding its subsequent registration by selling firm for use on paper purchased elsewhere.

Appeal from Commissioner of Patents.

Application by the Empire Paper Company for registration of trade-mark, opposed by the Carew Manufacturing Company. From a decision of the Commissioner of Patents, sustaining the opposition, applicant appeals. Affirmed.

Jas. Atkins, of Washington, D. C., for appellant.

Chester T. Neal, of Springfield, Mass., for appellee.

Before MARTIN, Chief Justice, and ROBB and VAN ORSDEL, Associate Justices.

MARTIN, Chief Justice. Appeal in a trade-mark opposition proceeding.

In May, 1924, the Empire Paper Company applied for a registration of the notation "Treasury Bond" as a trade-mark for use as a watermark upon writing paper. Applicant claimed continuous use of the mark since February, 1913. The application was opposed by the Carew Manufacturing Company, which claimed continuous use of the identical mark as a watermark for similar goods for a period commencing prior to February, 1913. There is no question as to the identity of the marks or the goods for which they are used; the sole question being one of ownership of the mark.

It appears from the testimony that the opposer is a manufacturer of paper, and that long prior to the year 1913 it used the notation "Treasury Bond" as a watermark upon its paper, it being used as a trade-mark and not merely as a grade-mark, and that it has continued this use up to the present time. In 1913 opposer entered into an arrangement with the applicant, whereby the latter undertook the sale in the Chicago markets of opposer's paper, which was to bear the special notation "E. P. C. Treasury Bond." The letters "E. P. C." are the initials of applicant's corporate name, and were placed upon the Chicago goods at applicant's request. Under this arrangement, applicant began and continued to sell opposer's paper in the Chicago trade. The applicant had not made use of such a trade-mark prior to its arrangement with opposer. During the time when applicant was selling opposer's paper, the latter continued otherwise to make use of the trade-mark "Treasury Bond" as before. Afterwards applicant ceased to buy opposer's products, and procured paper from other manufacturers. This paper, by appellant's order, also bore the watermark "Treasury Bond."

These and other circumstances are relied upon by applicant to establish its claim of ownership of the mark in question. The Examiner of Interferences, however, held upon the evidence that opposer was the prior user and owner of the mark, and that it did not part with its title thereto because of the transactions between the parties, but merely gave to applicant the right to sell opposer's goods bearing the mark in the Chicago trade. The Examiner, therefore, sustained the opposition. This decision was reviewed upon appeal by the Commissioner of Patents, and was affirmed.

We are satisfied that these decisions of the lower tribunals are correct, and we find it unnecessary to enlarge upon the reasoning set out in them. The decision of the Commissioner is therefore affirmed.